STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

}
In re O'Brien Variance Application      }        Docket No. 177-12-12 Vtec
}

## Judgment Order

Georgia and Charles O'Brien ("Applicants") own property located at 21 Hill Street Extension in Waterbury, Vermont. Their property was once improved with a single family home, but Applicants decided that it was more prudent to demolish and replace this home[*] than to repair or rehabilitate it. Following demolition, Applicants decided to build a replacement residence on their property that would encroach into the front and side yard setbacks, so they sought a four-foot variance from the front yard setback and a fourteen-foot variance from the side yard setback. The Town of Waterbury Development Review Board ("DRB") approved Applicants' variance request on November 15, 2012.

Craig Simmons, Alicia Simmons, George Eget, Betsey Ann Wrask, Ben DeJong, and Kristin L. Wolf (hereinafter collectively referred to as "Neighbors") own and occupy homes along Hill Street Extension that are adjacent to or near Applicants' property. Neighbors filed a timely appeal from the variance approvals Applicants received from the DRB. Neighbors were not so much concerned about the actual variances granted; they in fact confirmed for the Court that they were not opposed to the Court granting the variances. The Neighbors were concerned, however, with a condition the DRB imposed regarding how the wastewater line from Applicants' replacement residence would tie in to an existing wastewater line located under Hill Street Extension. The wastewater line travels under Hill Street Extension, a private roadway, and then hooks into a wastewater line under the adjoining public roadway. Wastewater that travels through these lines ultimately travels to a municipal wastewater facility for treatment.

Neighbors were less concerned with the DRB's condition directing when the wastewater line from Applicants' replacement home would tie in to the existing line under Hill Street Extension than they were about the condition of other wastewater lines serving homes on Hill

---

[*] Applicants plan to use the replacement home as a rental property. Their principal residence is located at another property in Waterbury.

1

Street Extension. Specifically, Neighbors were concerned about how necessary repairs or replacements to those existing lines could be accomplished.

Applicants have never entered their appearance with this Court in this appeal. The Court Clerk sent multiple courtesy copies of hearing and conference notices to Applicants. The Clerk advised in those courtesy copies that if Applicants chose not to enter their appearance and participate in the Court's de novo hearing on their application, that their application may be denied.

Once the matter became ripe for hearing, the Court scheduled a site visit and trial for September 4, 2013. Applicants chose not to attend either the site visit or trial. After the Court confirmed that Applicants were not at trial and had not contacted the Court, the Court concluded that no party was present to present evidence in support of the pending variance request. The Court then announced on the record that because no evidence was presented in support of the pending application, the variance application must be **DENIED.**

This Judgment Order is issued so that the Court may fulfill its responsibilities under V.R.C.P. 58. As a consequence of the Court's denial of the pending variance application, the Court does hereby **VACATE** the November 15, 2012 approval issued by the Town of Waterbury Development Review Board.

This concludes the proceedings before this Court.

Done at Newfane, Vermont this 13th day of September, 2013.

_____
Thomas S. Durkin, Environmental Judge

2